IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　Petitioner, )<br>　　　v. )<br>CRAIG J. MUNDIE, )<br>　　　　　　Respondent. ) | Case No.<br><br>**PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS** |

　　　　The United States of America, through undersigned counsel, petitions this Court for an order enforcing an Internal Revenue Service ("IRS") related summons served on respondent Craig J. Mundie pursuant to 26 U.S.C. § 7602.

　　　　In support of this petition, the United States alleges as follows:

　　　　1.　　　This is a proceeding brought pursuant to Sections 7402(b) and 7604(a) of the Internal Revenue Code (Title 26, United States Code) for judicial enforcement of the IRS summons described below.

Petition to Enforce
Internal Revenue Service Summons

**U.S. Department of Justice**
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

1

2. Mr. Mundie's place of abode is in Seattle, Washington.

3. The Court has jurisdiction over this proceeding pursuant to Sections 7402(b) and 7604(a) of the Internal Revenue Code and 28 U.S.C. §§ 1340 and 1345. Venue properly lies within this district.

4. The IRS is conducting an examination of the federal income tax liabilities of Microsoft Corporation and includible subsidiaries ("Microsoft") for the taxable periods ending June 30, 2004, June 30, 2005, and June 30, 2006 (the "2004-2006 Examination"). (Declaration of Revenue Agent Walter Choi ("Choi Decl."), at ¶ 2).

5. Walter Choi is a Supervisory Internal Revenue Agent, employed in the Large Business and International Division, International Business Compliance, Territory 12, Internal Revenue Service, assigned to advise the 2004-2006 Examination. (Choi Decl., ¶¶ 1,4).

6. Douglas M. Odell is a Revenue Agent employed in the Large Business and International Division of the IRS and is authorized to issue administrative summonses pursuant to 26 U.S.C. § 7602, 26 C.F.R. § 301.7602-1, and IRS Delegation Order No. 25-1. Revenue Agent Odell is an International Examiner assigned to the 2004-2006 Examination. (Choi Decl., ¶¶ 5-7).

7. In furtherance of the 2004-2006 Examination and in accordance with 26 U.S.C. §§ 7602 and 6503(j), on October 30, 2014, Revenue Agent Odell issued an IRS designated summons to Microsoft. The summons directed Microsoft to appear on November 20, 2014, and to produce for examination books, records, papers, and other data as described in the summons. (Choi Decl., ¶ 8). On December 11, 2014, the United States filed a petition to enforce the designated summons in this court which was assigned case number 2:14-mc-00117-RSM.

Petition to Enforce
Internal Revenue Service Summons

**U.S. Department of Justice**
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

8.     In furtherance of the 2004-2006 Examination and in accordance with 26 U.S.C. §§ 7602 and 6503(j), on November 13, 2014, Revenue Agent Odell issued a summons, related to the designated summons, to Craig J. Mundie, a Microsoft employee ("Mundie summons"). The Mundie summons demanded that Mr. Mundie appear on the 16th floor at 915 2nd Avenue, Seattle, Washington 98174 on December 10, 2014 at 9:00 a.m. and give testimony. (Choi Decl., ¶ 9, Exhibit A).

9.     In furtherance of the 2004-2006 Examination, and in accordance with 26 U.S.C. §§ 7602 and 7603, on November 13, 2014, Revenue Agent Shelley Drew served the Mundie summons by leaving an attested copy of the summons at Mr. Mundie's place of abode. On that same day, in accordance with 26 U.S.C. § 7609(a), notice of the issuance of the Mundie summons was sent via certified mail to Microsoft. (Choi Decl., ¶¶ 9, 10, Exhibit A).

10.    On December 2, 2014, James O'Brien, counsel for Microsoft Corporation, indicated in writing that Mr. Mundie would not be made available to testify. (Choi Decl., ¶ 11, Exhibit B)

11.    Mr. Mundie failed to appear on December 10, 2014, the date scheduled for compliance with the summons. (Choi Decl., ¶ 12).

12.    The 2004-2006 Examination involves several unagreed international tax issues. The primary remaining areas on which the IRS needs additional information, and the focus of the designated summons, are transfer pricing issues involving intangibles and relating to two regional cost sharing arrangements between Microsoft and its affiliates. (Choi Decl., ¶ 15).

13.    Transfer pricing generally, and as embodied in 26 U.S.C. § 482, refers to the prices that related parties charge one another for goods and services transferred between them.

Petition to Enforce
Internal Revenue Service Summons

**U.S. Department of Justice**
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

3

1  The most common application of the transfer pricing rules is the determination of the correct

2  price for transfers between related entities.

3      14.    The IRS is authorized to allocate income and deductions among commonly

4  controlled or owned entities as necessary to prevent tax avoidance or to clearly reflect the

5  income of such entities. 26 U.S.C. § 482. In particular, when rights to intangible property are

6  transferred or licensed between related entities, "the income with respect to such transfer or

7  license shall be commensurate with the income attributable to the intangible." *Id*. "[T]he

8  standard to be applied in every case is that of a taxpayer dealing at arm's length with an

9  uncontrolled taxpayer." Treas. Reg. § 1.482-1(b)(1). Non-arm's length prices can be used to

10 shift income, and thus the incidence of tax, to tax-favored jurisdictions.

11     15.    The relative roles of technology, on the one hand, and sales and marketing, on the

12 other hand, in generating profits is central to evaluating Microsoft's transfer pricing valuations

13 related to its cost sharing arrangements. According to Microsoft's Forms 10-K, Mr. Mundie was

14 Senior Vice President, Chief Technical Officer, Advanced Strategies and Policy from 2002

15 through 2005. A spreadsheet produced by Microsoft in response to the designated summons

16 indicates that he was the Chief Research and Strategy Officer in 2006. Also, in response to

17 information document requests, Microsoft identified Mr. Mundie as having knowledge of and

18 responsibility for Microsoft's response to Open Source software competition. (Choi Decl., ¶ 16).

19     16.    Operating in these capacities, Mr. Mundie should have had responsibility for and

20 knowledge of the technology activities and functions, including, but not limited to, research &

21 development, as well as evaluation of and strategic planning for technology supporting

22 Microsoft's business. The testimony sought from Mr. Mundie may be relevant to the IRS's

23 Petition to Enforce                                U.S. Department of Justice
   Internal Revenue Service Summons                  Ben Franklin Station
                                                     P.O. Box 683
                                                     Washington, D.C. 20044-0683

consideration of whether the transfer pricing Microsoft adopted for its Asia-Pacific and Americas (the United States, Canada, and Latin America) cost sharing arrangements satisfies the arm's length pricing standard under 26 U.S.C. § 482 and the regulations thereunder.  More specifically, Mr. Mundie's testimony may be relevant to evaluating the role of technology in Microsoft's operations in the Asia-Pacific and Americas regions, and the relative value of technology intangibles in those operations.  (Choi Decl., ¶ 17).

17. All administrative steps as required by the Internal Revenue Code for issuance and service of a related summons have been followed.  (Choi Decl., ¶ 13).

18. There is no "Justice Department referral," as that term is described in Section 7602(d)(2) of the Internal Revenue Code, in effect with respect to Microsoft for the taxable years ending June 30, 2004, June 30, 2005, and June 30, 2006.  (Choi Decl., ¶ 14).

19. In order to obtain enforcement of a summons, the petitioner must establish that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfies all administrative steps required by the Internal Revenue Code.  *United States v. Powell*, 379 U.S. 48, 57-58, (1964).

20. In further support of this Petition and incorporated herein by reference, the United States submits the Declaration of Revenue Agent Walter Choi.  The United States has met the *Powell* factors through these documents.

WHEREFORE, petitioner, the United States of America, seeks the following relief:

A. That this Court enter an order directing Mr. Mundie to show cause in writing why he should not fully comply with and obey the aforementioned IRS related summons and

Petition to Enforce
Internal Revenue Service Summons

**U.S. Department of Justice**
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044-0683

every requirement thereof as enumerated in the Declaration of Revenue Agent Walter Choi;

B. That this Court enter an order directing Mr. Mundie to appear before Revenue Agent Odell, or any other proper officer or employee of the Internal Revenue Service, and give testimony as required by the summons;

C. That the United States of America recover its costs in this action; and,

D. That the Court grant such other further relief as it deems just and proper.

Dated this 19th day of December, 2014.

>                       DAVID A. HUBBERT
>                       Deputy Assistant Attorney General
>
>                       */s Noreene Stehlik*
>                       NOREENE STEHLIK
>                       Senior Litigation Counsel, Tax Division
>                       JEREMY HENDON
>                       AMY MATCHISON
>                       Trial Attorneys, Tax Division
>                       U.S. Department of Justice
>                       P.O. Box 683, Ben Franklin Station
>                       Washington, DC 20044-0683
>                       Email:  Noreene.C.Stehlik@usdoj.gov
>                               Jeremy.Hendon@usdoj.gov
>                               Amy.T.Matchison@usdoj.gov
>                               Western.TaxCivil@usdoj.gov
>                       Telephone:    (202) 514-6489
>                                     (202) 353-2466
>                                     (202) 307-6422
>
>                       ANNETTE L. HAYES
>                       Acting United States Attorney
>                       Western District of Washington
>                       *Attorneys for the United States of America*

Petition to Enforce                                **U.S. Department of Justice**
Internal Revenue Service Summons                   Ben Franklin Station
                                                   P.O. Box 683
                                                   Washington, D.C. 20044-0683

6